## Case No. 4,737.

### The FERAX.

[1 Spr. 180; 12 Law Rep. 183.]

District Court, D. Massachusetts. March, 1849.

R. H. Dana, Jr., for libellant.

Ch. T. Russell, for claimants.

SPRAGUE, District Judge, delivered his opinion substantially as follows:

This is an important question. It depends mainly upon the meaning of the term "construction" in the statute; for the libellant's work, being in the nature of alteration, cannot well be treated as "repair," which is restoration. The statute is recent, and the word has been the subject of no legal determination. We must look to the intention of the legislature. The reason of the statute would make it apply to alterations and reconstructions, as well as to the original construction; and if the latter only had been intended, the word "building" would seem to have been more natural. Suppose a vessel is changed from a brig into a bark, or internal alterations made to fit a merchantman for a whaleman; or suppose a vessel be coppered for the first time, on a change of her destination; the reason of the act would apply to these changes, as much as to repairs, or to the original building. It is not desirable, on practical subjects and among practical men, to create nice distinctions, where there is no distinction in the reason of the statute.

The next point made by the claimants is, that Brackett had not such authority over the ship as to bind her by this lien. By his contract, he is the purchaser, under certain conditions; is to have possession and control, to engage passengers, and make repairs, provided he does not injure the vessel. No personal liability of the claimants is here contended for, but only a lien in rem. The term "injure," must mean something which makes the vessel less valuable to the owners. The true meaning of the contract is, that Brackett may fit the vessel for such purpose as he shall destine her for, making the appropriate changes, with a guard against waste, or such alteration as would diminish the value of the vessel. But, beyond all this, the libellant made his contract with a person placed by the claimants in possession and apparent ownership of the vessel; the alterations which he made were proper for the projected voyage, were nautical in their character, and he acted in good faith, and in ignorance of any contract between the parties.

But supposing that, by the contract be-

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

tween Brackett and the claimants, the latter had the right to interfere to prevent the alterations being made. They did not interfere. From the circumstances proved, the advertisements, the situation of the vessel and the counting-rooms, the reference to passengers in the contract, and the great remaining interest which the claimants had in the vessel, I should, if the case depended on this point, require strong evidence to contradict the violent improbability of their being either ignorant, or dissatisfied, with what was going on. It is not necessary to decide what would have been the effect, in case they had given the libellant notice.

Decree for the amount of the libellant's bill, $233.87, and costs.